UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT W. MOORE,<br><br>                    Plaintiff,<br>vs.<br><br>PRESTIGE DEFAULT SERVICES, *et al.*,<br><br>                    Defendants. | Case No.: 2:23-cv-01191-GMN-EJY<br><br>**ORDER GRANTING<br>MOTION TO DISMISS** |

Pending before the Court is a Motion to Dismiss, (ECF No. 14), filed by Defendant Bank of New York Mellon and joined by Defendant Prestige Default Services. Plaintiff Robert Moore filed an Opposition, (ECF No. 19), to which Defendants filed a Reply, (ECF No. 20).

For the following reasons, the Court **GRANTS** the Motion to Dismiss.

I.      **BACKGROUND**

In 2005, Plaintiff purchased the property at which he currently resides, 7416 Oak Grove Avenue, Las Vegas, Nevada (the "Property"). (Deed of Trust, Ex. A to Mot. Dismiss, ECF No. 14-1).[1] He received a $1,000,000 loan from Silver State Financial Services and Mortgage Electronic Registration Systems was the beneficiary. (*Id.*). A Notice of Default was recorded in May 2009 informing Plaintiff that he had been in default since February 2009 and warning that the Property would be sold if he did not cure the default. (2009 Default, Ex. 3 to Mot. Dismiss, ECF No. 14-3). In 2010, Mortgage Electronic Registration Systems assigned the Deed to the Bank of New York Mellon. (Assignment of Deed of Trust, Ex. B to Mot. Dismiss, ECF No. 14-2). A second notice of default was recorded in September 2013, but was rescinded in

---

[1] The Court takes judicial notice of the Deed of Trust and Assignments because they are recorded at the Clark County Recorder's Office. *See* Fed. R. Evid. 201.

December 2017. (2013 Default, Ex. D to Mot. Dismiss, ECF No. 14-4); (Recission, Ex. E to Mot. Dismiss, ECF No. 14-5). The most recent notice of default was recorded on October 30, 2023. (2023 Default, Ex. F to Mot. Dismiss, ECF No. 14-6).

Plaintiff filed the instant action and brought claims for quiet title, injunctive relief, and declaratory relief. (*See generally* Compl., ECF No. 1). Defendants now move to dismiss.

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## III.  DISCUSSION

Plaintiff's three claims are predicated on his argument that NRS 106.240 extinguishes the deed of trust securing his $1,000,000 home loan. (Compl. ¶¶ 18–19). He alleges that the 2009 Notice of Default rendered his loan "wholly due," and started the ten-year clock extinguishing the deed of trust. Defendant moves to dismiss, arguing that recent Nevada Supreme Court case law, as well as previous decisions from this Court, have held that notices

of default do not make a loan "wholly due" under NRS 106.240. (*See generally* Mot. Dismiss, ECF No. 14).

NRS 106.240 dictates the way in which property liens are cleared from the public record. Specifically, it "provides that 10 years after the debt secured by the lien has become 'wholly due' and has remained unpaid, 'it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.'" *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 507 P.3d 194, 195 (Nev. 2022). Thus, "NRS 106.240 operates to extinguish any debt upon real property secured by a deed of trust ten years after the debt becomes due unless an extension is written and recorded." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1076 (Nev. 2001).

The Nevada Supreme Court's decision in *LDG Golf, Inc. v. Bank of Am., N.A.* directly addresses the relevance of the 2009 Notice of Default relied on by Plaintiff in this case. 518 P.3d 483 (Nev. 2022) (unpublished table decision). *LDG Golf* concerned a similar quiet title action "premised on NRS 106.240's 10-year limitations period" and the allegation that a Notice of Default triggers the 10-year period. *Id.* at *1. The Nevada Supreme Court concluded that the "Notice of Default was not 'so clear and unequivocal' as to 'leave [ ] no doubt as to [respondents predecessor's] intention'" because the Notice of Default contained conflicting language:

> [A]lthough the 2009 Notice of Default stated that respondent's predecessor 'does hereby declare all sums secured [by the deed of trust] immediately due and payable,' the Notice also provided that the former homeowners could cure the default "upon the Payment of the amounts required by [NRS 107.080] without requiring payment of that portion of the principal and interest which would not be due had no default occurred."

*Id.* As a result, the Nevada Supreme Court concluded that the Notice of Default did not trigger NRS 106.240's ten-year period. *Id.*

This conclusion was reaffirmed in a more recent Nevada Supreme Court decision*, LV Debt Collect, LLC v. Bank of New York Mellon as Tr. for Certificateholders of CWMBS, Inc.*,

534 P.3d 693, 697 (Nev. 2023).  The 2008 Notice of Default in that case contained the same language found to be conflicting in *LDG Golf. See id.* at 699.  The Nevada Supreme Court held that the Notice of Default did not cause the debt to become wholly due because (1) the Notice of Default was "not identified in NRS 106.240 as a document that can render a secured loan 'wholly due' for purposes of triggering the statute's 10-year time frame," (2) Nevada law requires a cure period, and (3) the Notice of Default contained language, noted above, that was not sufficiently clear and unequivocal. *Id.*  Additionally, the Nevada Supreme Court has since explained that the holding of *LV Debt Collect* was that "recording a notice of default cannot trigger NRS 106.240's 10-year time frame" and found that the basis of the quiet title claim in that case therefore failed. *Mackensie Fam., LLC Tr. of Karen 2606 Tr. v. JP Morgan Chase Bank, N.A.*, 540 P.3d 1054 (Nev. 2023) (unpublished table decision).

The 2009 Notice of Default here contains the exact same language that the Nevada Supreme Court determined did not trigger NRS 106.240.  Specifically, it provides that former homeowners could cure the default "upon the payment of the amounts required by [NRS 107.080] without requiring payment of that portion of principal and interest which would not be due had no default occurred." (Not. Default at 1, Ex. C to Mot. Dismiss, ECF No. 14-3). Because the Notice of Default in this case contains identical language to the Notice in *LDG Golf*, the Court finds that the 2009 Notice of Default did not cause the loan amount to become "wholly due."

In Response, Plaintiff argues that the above case law is inapplicable to his case because it conflicts with the language in his deed of trust. (Opp. to Mot. Dismiss 5:10−22).  But the Nevada Supreme Court in *LV Debt Collect* addressed this precise issue and found that despite a deed of trust containing language "purporting to accelerate the loan," the terms of the deed of trust did not permit the bank to do so under NRS 106.240's plain language. 534 P.3d at 698.  The Court explained that although the Notice of Default satisfied the notice-and-cure condition,

it could not itself accelerate the loan because the bank could not exercise that option until the plaintiff filed to cure the default by the date identified in the Notice of Default. *Id.* Therefore, because the 2009 Notice of Default in this case did not start the 10-year period, the Court DISMISSES with prejudice Plaintiff's claim for quiet title, as well his claims for injunctive and declaratory relief.

V.   **CONCLUSION**

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss, (ECF No. 14), is **GRANTED with prejudice.**

The Clerk of Court is kindly requested to close the case.

**DATED** this __14__ day of August, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT